IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-30002
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OBOT NELSON UDOH

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:04-CR-60060-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Obot Nelson Udoh appeals his conviction and sentence for health care fraud. He argues that (1) his Sixth Amendment rights were violated when he was arraigned by a magistrate judge; (2) his rights to a speedy trial were violated; and (3) the Sixth Amendment entitled him to a jury determination on the issue of loss amount for purposes of determining the amount of restitution owed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Udoh did not object when he was arraigned by the magistrate judge; therefore, review of his Sixth Amendment claim is for plain error only. See United States v. Hamilton, 440 F.3d 693, 699 (5th Cir. 2006). Although we have not previously addressed this legal question, we need not do so here because Udoh has made no attempt to show that the error, even if plain, affected his substantial rights. See United States v. Jones, 444 F.3d 430, 436-37 (5th Cir. 2006). He therefore cannot establish reversible plain error.

Udoh failed to raise the alleged speedy trial error prior to trial and has therefore waived his right to dismissal under the Speedy Trial Act. See United States v. Bradfield, 113 F.3d 515, 526 (5th Cir. 1997). Udoh's contention that his restitution order violated the Sixth Amendment is foreclosed by United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005), which held that "judicial fact-finding supporting restitution orders does not violate the Sixth Amendment."

AFFIRMED.